Motion GRANTED.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-00119 |
| | ) | Judge Trauger |
| MARK METZ | ) | |

**DEFENDANT'S MOTION TO REFORM PLEA PETITION DUE TO THE PARTIES' MUTUAL MISTAKE**

Defendant Mark Metz moves the Court to reform the plea petition/agreement reserved in this case, (D.E. 27), due to the parties' mutual mistake. In the alternative, Metz moves the Court to vacate the plea petition/agreement. Before entering into the agreement, both counsel for the government and Metz's counsel miscalculated the Guideline range. The 57 month sentence agreed to by the parties significantly exceeds the correct Guideline range of 30-37 months calculated by the United States Probation Office.

**I.      BACKGROUND**

Metz and the government entered into a plea agreement pursuant to Rule 11(c)(1)(C) – memorialized in the Plea Petition (D.E. 27) – whereby Metz would plead guilty to possession of ammunition (Count 1) and possession of a firearm (Count 2).

The parties agreed on what they each independently believed to be an accurate calculation of the applicable Guideline range: a Base Offense Level of 24 (minus 3 for acceptance of responsibility), a Criminal History Category of IV, and a Guideline range of 57-71 months. Importantly, neither party realized that, pursuant U.S.S.G. § 4A1.2(a)(2), Metz's conviction for Aggravated Robbery cannot be used to determine his Base Offense Level. *See* Presentence Investigation Report (PSR) at 7.

The United States Probation Office has prepared its customary Presentence Investigation Report in this case. The Probation Office caught what both parties had